Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

**STATE**

v.

**Richard MORIN.**

**No. 92–90–C.A.**

Supreme Court of Rhode Island.

April 17, 1992.

OPINION

PER CURIAM.

This matter was before a hearing panel of the Supreme Court on the state's motion for a stay of enforcement of the January 31, 1992 order of the Superior Court directing the defendant's release from the Department of Mental Health, Retardation and Hospitals. The defendant has been confined at the Forensic Unit of the Institute of Mental Health pending disposition of charges against him arising out of events which occurred ten years ago in which a woman, an innocent bystander, was killed and the defendant was seriously injured by gunshot by a police officer who himself had been shot by the defendant and was seriously injured while attempting to subdue the defendant.

After hearing the trial justice found defendant not only incompetent to stand trial but also not reasonably likely to become

competent at any time in the foreseeable future. He remains paralyzed on the left side and is severely impaired in speech and comprehension. The decision of the trial justice ordered defendant discharged from the Institution of Mental Health and the dismissal of the indictment lodged against defendant.

■ The state has appealed from the decision and order and has moved for a stay of the enforcement of the order of release. The evidence presented before the trial justice was overwhelmingly to the effect that defendant is not competent to stand trial and that in all likelihood he will not become competent to stand trial in the foreseeable future. This evidence and the findings by the trial justice based thereon triggers the due-process principles enunciated in *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). These principles prevent the state from continuing to confine defendant in the forensic unit of the Institution of Mental Health or in any other mental institution without following civil commitment procedures.

■ After review of the information available at this time we conclude that a stay is not necessary or warranted. There appears to be no current evidence that would indicate that defendant is a danger to the community in his present physical condition. The defendant's mother has represented to the court that she is willing and able to provide a home for him and that if released, defendant will reside with her. It does not appear that there would be irreparable harm to the state if the stay of the order of release is denied at this time.

Therefore, the state's motion for a stay is denied and that portion of the trial justice's order releasing defendant from the Institution of Mental Health may be implemented under the following conditions.

The defendant will be released into the custody of his mother, Mrs. Gertrude Hunt who resides at 283 Chestnut Street, Millville, Massachusetts.

The said Gertrude Hunt, mother of the defendant, is hereby appointed guardian and custodian of the person of her son Richard Morin and will be responsible for his welfare, safekeeping and good behavior until further order of this court. In appointing the mother of the defendant as guardian of the person of the son, we are exercising our inherent judicial power granted to us pursuant to article X of the amendments to the Constitution of this State and further conferred upon us by G.L.1956 (1985 Reenactment) § 8–1–2, which empowers this court to issue all "processes necessary for the furtherance of justice and the due administration of the law."

The defendant shall be released into the custody of the said Gertrude Hunt upon her executing a document annexed hereto, marked exhibit A and entitled Acceptance of Appointment as Guardian and Custodian of Richard Morin. The signing of the document marked exhibit A and the necessary papers for release of the defendant will be executed before the Clerk of the Superior Court or his deputy or assistant. The papers in the case may be remanded to the Superior Court for further proceedings in implementation of this opinion.

FAY, C.J., and MURRAY, J., did not participate.

### EXHIBIT A

State

v.

Richard Morin.

### ACCEPTANCE OF APPOINTMENT AS GUARDIAN AND CUSTODIAN OF RICHARD MORIN

I, Gertrude Hunt, of the Town of Millville, Commonwealth of Massachusetts, do hereby accept the appointment by the Supreme Court of Rhode Island as guardian and custodian of my son, Richard Morin.

I promise to exercise my best efforts in support of his safety and well-being. I

further promise to do my best to guarantee that he is of good behavior while under my supervision and in my custody. In the event that I am unable to guarantee his good behavior and/or safekeeping, I promise that I shall notify the appropriate authorities of the State of Rhode Island and the Commonwealth of Massachusetts.

In Witness Whereof, I affix my signature to this document in the presence of a witness who has also affixed the signature as witness set forth below.

Gertrude Hunt

Witness: